UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


TERRANCE TAYLOR,

            Plaintiff,                                Hon. Wendell A. Miles

v.                                              Case No. 1:06 CV 898

JOHN PRELESNIK,

            Defendant.

_____/


**<u>REPORT AND RECOMMENDATION</u>**

        This matter is before the Court on <u>Defendant's Motion for Summary Judgment</u>.  (Dkt. #15).  Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendants' motion be **denied**.


**<u>BACKGROUND</u>**

        The following allegations are contained in Plaintiff's amended complaint.  (Dkt. #21). Plaintiff suffers from asthma which is exacerbated by exposure to tobacco smoke.  Despite being housed in "tobacco free" housing, Plaintiff is "constantly" exposed to environmental tobacco smoke (ETS) because the other prisoners smoke tobacco in their cells as well as in "all common areas."  Plaintiff notified Defendant of the "serious health complications" he was experiencing as a result of his exposure to ETS.  Plaintiff requested that he be housed in "a facility that is free from ETS."  Defendant ignored Plaintiff's request and as a result, Plaintiff's asthma "has worsened."

        Plaintiff initiated the present action (presumably pursuant to the Eighth Amendment) seeking compensatory and punitive damages, as well as injunctive relief.  Defendant now moves for

summary judgment.   Defendant asserts that he is entitled to immunity as to Plaintiff's claims for monetary damages.   Defendant further asserts that Plaintiff's claim for injunctive relief is moot.

## STANDARD

In reviewing a motion for summary judgment, the Court must confine itself to the narrow questions of whether there exist "no genuine issue[s] as to any material fact and [whether] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).   On a Rule 56 motion, the Court cannot try issues of fact, but is empowered to determine only whether there exist issues in dispute to be decided in a trial on the merits.   *See Perez v. Aetna Insurance Co.*, 96 F.3d 813, 819 (6th Cir. 1996); *Aiken v. The City of Memphis*, 37 F.3d 1155, 1161 (6th Cir. 1994).   The crux of the motion is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-52 (1986); *see also*, *Terry Barr Sales Agency v. All-Lock Co. Inc*., 96 F.3d 813, 819 (6th Cir. 1996) (citing *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989)).

A motion for summary judgment requires the Court to view "inferences to be drawn from the underlying facts...in the light most favorable to the party opposing the motion." *Matsushita Electric Ind. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc*., 369 U.S. 654, 655 (1962)); *see also*, *Terry Barr Sales Agency*, 96 F.3d at 819; *Schaffer v. A.O. Smith Harvestore Products, Inc*., 74 F.3d 722, 727 (6th Cir. 1996).   The opponent, however, has the burden to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'" *Historic Preservation Guild of Bay View v. Burnley*, 896 F.2d 985, 993 (6th Cir. 1989) (quoting *Matsushita Electric Ind. Co.*, 475 U.S. at 587); *see also*, *Schaffer*, 74 F.3d at 727.

As the Sixth Circuit has recognized, the Supreme Court has encouraged the granting of summary judgments, as such may be "an appropriate avenue for the 'just, speedy and inexpensive determination' of a matter." *Kutrom v. City of Center Line*, 979 F.2d 1171, 1173 (6th Cir. 1992). Consistent with this concern for judicial economy, "the mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient." *Anderson*, 477 U.S. at 252; *see also Bailey v. Floyd Board of Education*, 106 F.3d 135, 140 (6th Cir. 1997). Furthermore, mere allegations do not suffice. *See Cloverdale Equip. Co. v. Simon Aerials, Inc.*, 869 F.2d 934, 937 (6th Cir. 1989) ("the party with the burden of proof at trial is obligated to provide concrete evidence supporting its claims and establishing the existence of a genuine issue of fact").

## ANALYSIS

In his initial complaint, Plaintiff sued Defendant in his official capacity.  (Dkt. #1). Defendant asserts that the Eleventh Amendment to the United States Constitution affords him immunity from claims seeking money damages asserted against him in his official capacity.  The Court agrees that Defendant enjoys such immunity.  However, *before* Defendant filed the present motion, Plaintiff moved to amend his complaint.[1]  (Dkt. #18).  Specifically, Plaintiff sought to amend his complaint to correctly indicate that he was suing Defendant in his personal capacity.  Defendant did not oppose Plaintiff's motion to amend his complaint.  The Court subsequently granted Plaintiff's motion.  (Dkt. 20).  Thus, Plaintiff is no longer asserting a claim against Defendant in his official capacity.  Accordingly, the Court recommends that Defendant's motion to dismiss Plaintiff's claims for monetary damages be denied.

---

[1]  While Plaintiff's motion was not received by the Court until May 17, 2007, six days after Defendant filed the present motion, Plaintiff signed the motion on May 9, 2007, two days before Defendant filed the present motion.

-3-

As for Plaintiff's claim for injunctive relief, the Court concludes that Defendant has failed to establish that such has been rendered moot. On April 11, 2007, Plaintiff informed the Court that he had been transferred to a different facility. (Dkt. #13). Defendant asserts that the fact that Plaintiff was transferred to a different facility renders moot his request for injunctive relief. This argument reflects a misunderstanding of Plaintiff's request for injunctive relief. Plaintiff does not simply request a transfer to any other facility, but instead he requests an injunction specifying that he "be placed in a facility that is free from ETS." While Defendant is correct that Plaintiff has been transferred to another facility, Defendant has not established that the facility in which Plaintiff is presently housed is "free from ETS" or otherwise satisfies Plaintiff's request to be housed in safe housing. Accordingly, the Court recommends that Defendant's motion to dismiss Plaintiff's claim for injunctive relief be denied.

## CONCLUSION

For the reasons articulated herein, the Court recommends that Defendant's Motion for Summary Judgment, (dkt. #15), be **denied**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  October 10, 2007          /s/ Ellen S. Carmody
                                ELLEN S. CARMODY
                                United States Magistrate Judge