UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE TAYLOR,

        Plaintiff,                              Hon. Wendell A. Miles

v.                                               Case No. 1:06 CV 898

JOHN PRELESNIK,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (Dkt. #30). Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court recommends that Defendant's motion be **granted**.

## BACKGROUND

Pursuant to Michigan Department of Corrections (MDOC) regulations, smoking (or the use of any tobacco product) is prohibited "inside all Department occupied buildings, including prisoner housing units." Michigan Department of Corrections Policy Directive 01.03.140 ¶¶ B-C. General population prisoners are nonetheless permitted to possess smoking materials in their cells. *Id.* at ¶¶ I-K. Pursuant to MDOC regulations each MDOC facility is also required to maintain "tobacco-free housing for general population prisoners." *Id.* at ¶ M. Prisoners residing in a tobacco-free housing unit are not permitted to smoke (or use tobacco products) but are additionally prohibited from even purchasing or possessing smoking materials. *Id.* at ¶ N.

The following allegations are contained in Plaintiff's amended complaint. (Dkt. #21). Plaintiff suffers from asthma which is exacerbated by exposure to tobacco smoke. Despite being housed in "tobacco free" housing, Plaintiff is "constantly" exposed to environmental tobacco smoke (ETS) because the other prisoners smoke tobacco in their cells as well as in "all common areas." Plaintiff notified Defendant of the "serious health complications" he was experiencing as a result of his exposure to ETS. Plaintiff requested that he be housed in "a facility that is free from ETS." Defendant ignored Plaintiff's request and as a result, Plaintiff's asthma "has worsened." Plaintiff initiated the present action (presumably pursuant to the Eighth Amendment) seeking compensatory and punitive damages, as well as injunctive relief.

On May 11, 2007, Defendant moved for summary judgment. (Dkt. #15). Defendant asserted that Plaintiff's claim for monetary damages be dismissed on the basis of Eleventh Amendment immunity. *Id.* On October 10, 2007, a Report and Recommendation issued in which the undersigned recommended that Defendant's motion be denied. (Dkt. #22). The Honorable Wendell A. Miles agreed that Plaintiff's claim for monetary damages was not subject to Eleventh Amendment immunity. (Dkt. #29). The Court further determined, however, that Plaintiff's claim for injunctive relief be dismissed as moot. Accordingly, as the Court stated, "this case only concerns plaintiff's request for monetary relief against [Defendant] Prelesnik is his individual capacity." *Id.* Defendant has again moved for summary judgment. Plaintiff has not responded to Defendant's motion.

## **STANDARD**

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that

the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005); *see also*, *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  The fact that the evidence may be controlled or possessed by the moving party does not change the non-moving party's burden "to show sufficient evidence from which a jury could reasonably find in her favor, again, so long as she has had a full opportunity to conduct discovery." *Minadeo*, 398 F.3d at 761 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 257 (1986)).

Once the moving party has met its burden of production, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini*, 440 F.3d at 357 (citing *Anderson*, 477 U.S. at 247-48; *Celotex Corp. v. Catrett*, 477 U.S. at 324).  While the Court must view the evidence in the light most favorable to the nonmoving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357.  The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient.  *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252).  The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006) (citations omitted).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty*

*v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004).  Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54.  In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

## ANALYSIS

The Eighth Amendment's prohibition against cruel and unusual punishment applies not only to punishment imposed by the state, but also to deprivations which occur during imprisonment and are not part of the sentence imposed.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Estelle v. Gamble*, 429 U.S. 97, 101-02 (1976).  Accordingly, the Eighth Amendment protects against the unnecessary and wanton infliction of pain, the existence of which is evidenced by the "deliberate indifference" to an inmate's "serious medical needs." *Estelle*, 429 U.S. at 104-06; *Talal v. White*, 403 F.3d 423, 426 (6th Cir. 2005).

The analysis by which Defendant's conduct is evaluated consists of two steps.  First, the Court must determine, objectively, whether the alleged deprivation was sufficiently serious.  In this respect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834.

With respect to the objective component, Plaintiff must demonstrate that his exposure to tobacco smoke caused him to experience "more than 'mere discomfort or inconvenience.'" *Talal*, 403

F.3d at 426 (quoting *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992)). Plaintiff must also establish that the health risk he experienced "is one which society deems 'so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.'" *Talal*, 403 F.3d at 426 (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). In analyzing the objective component of the analysis, the *Talal* court noted the following:

> Here, Talal alleges that he has been subjected to excessive levels of smoke at the hands of both staff and other inmates and that TCIP's ventilation system merely re-circulates smoke-filled air. Additionally, he has substantiated that he suffers from ETS allergy. The record contains medical documentation evidencing this fact and establishing that smoke causes Talal sinus problems and dizziness. On several occasions, medical staff recommended that Talal have a non-smoking cell partner. On at least one occasion, medical staff recommended that he be placed in a non-smoking unit. Based upon these facts, we conclude that Talal has alleged that he has a serious medical condition which is sufficiently serious to satisfy the objective component of the *Helling* test.

*Talal*, 403 F.3d at 427.

If the objective test is met, the Court must then determine whether Defendant possessed a sufficiently culpable state of mind:

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.*

In other words, Plaintiff must establish that Defendant "actually knew" that he "faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it." *Howard v. Calhoun County*, 148 F.Supp.2d 883, 888-89 (W.D. Mich. 2001) (citing *Farmer*, 511 U.S. at 847). Plaintiff must "allege specific incidents of deliberate indifference by prison officials."

*Talal*, 403 F.3d at 427. Moreover, "mere imperfect enforcement of a no-smoking policy does not rise to the level of deliberate indifference when prison officials make good faith efforts to enforce the policy." *Id.* at 427 (quoting *Scott v. Dist. of Columbia*, 139 F.3d 940, 942-44 (D.C. Cir. 1998)).

Despite having had more than one year in which to conduct discovery, Plaintiff has failed to present any evidence that his alleged exposure to tobacco smoke caused him to experience more than "mere discomfort or inconvenience." Likewise, Plaintiff has presented no evidence suggesting that the alleged health risk he experienced "is one which society deems 'so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk.'" In support of his motion for summary judgment, Defendant has submitted evidence that he and other prison officials have made a good faith effort to enforce the MDOC's non-smoking policies. (Dkt. #31, Prelesnik Affidavit and Attachments). Plaintiff has presented no evidence to the contrary.

In sum, Plaintiff has failed to present any evidence that he can satisfy his burden at trial to demonstrate that was incarcerated under conditions posing a substantial risk of serious harm. With respect to whether Defendant acted with the requisite state of mind, Defendant has presented evidence that he made a good faith effort to enforce the MDOC's non-smoking policies. As Plaintiff has presented no evidence to the contrary, he has likewise failed to establish that he can satisfy his burden at trial as to this element of his claim. Accordingly, for these reasons, and in light of the authority identified above, the Court recommends that Defendant's motion for summary judgment be granted.

**CONCLUSION**

For the reasons articulated herein, the Court recommends that Defendant's Motion for Summary Judgment, (dkt. #30), be **granted**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 21, 2008         /s/ Ellen S. Carmody
                             ELLEN S. CARMODY
                             United States Magistrate Judge