UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRANCE TAYLOR,

        Plaintiff,

v.                                    Case No. 1:06-cv-898

                                    Hon. Wendell A. Miles

JOHN PRELESNIK,

        Defendant.
_____/

OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION

This matter is before the court on Petitioner Terrance Taylor's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation (R&R) dated March 21, 2008 recommending that the Defendant's Motion for Summary Judgment be granted. Petitioner has filed objections to the R&R. For the reasons that follow, the court overrules Petitioner's objections and adopts the Magistrate Judge's report and recommendation.

This court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1)(B). The court may accept, reject or modify any or all of the magistrate judge's findings or recommendations. Id.

Plaintiff is presently incarcerated at Ionia Maximum Correctional Facility, but is complaining of events that occurred while he was housed at Richard A. Handlon Correctional Facility. He is suing John Prelesnik, the warden at Richard A. Handlon Correctional Facility. In an order dated November 27, 2007, the court dismissed Plaintiff's claim for injunctive relief because after filing this complaint he was transferred to Ionia Maximum Correctional Facility.

Remaining is Plaintiff's claim against Defendant in his individual capacity for money damages.

Since before his incarceration, Plaintiff suffered from asthma, and both before and during his incarceration has been prescribed various medications for the condition. Smoking is prohibited inside all Michigan Department of Corrections (MDOC) buildings, including prisoner housing units. MDOC policy directive 01.03.140, ¶¶ B-C. Prisoners housed in general population are allowed to possess smoking materials in their cells, id. at ¶¶ I-K, and may smoke outside of the buildings. Every MDOC prison facility must maintain "tobacco free housing for general population prisoners." Id. at ¶ M. Prisoners housed in the tobacco free housing are prohibited from smoking and from possessing or purchasing tobacco products. Id. at ¶ N. Plaintiff is housed in the general population in a tobacco free cell. He alleges that despite the policies against smoking in the building, prisoners in general population do smoke in their cells and in common areas. As a result, Plaintiff suffered asthmatic problems. His requests to be transferred to a different facility were ignored or denied. His asthma has worsened since his incarceration.

Defendant submitted his affidavit in support of his motion for summary judgment in which he averred that in a recent air quality report prepared by the State of Michigan Department of Community Health, it stated that the prison facility was in compliance with the enforced state standards. In addition, staff members actively enforce the no-smoking rules; and, at his request, Plaintiff was housed in a tobacco-free unit. The Magistrate Judge concluded that Defendant presented unrebutted evidence demonstrating that prison officials have made a good faith effort to enforce MDOC's non-smoking policies. Moreover, Plaintiff failed to submit any evidence showing that he was in an environment that posed a serious health risk.

Plaintiff argues that the evidence shows that he has a long-standing, serious medical need to avoid environmental tobacco smoke (ETS). He objects to the Magistrate Judge's conclusion that Defendant's affidavit demonstrates that prison officials are not indifferent to the ETS problem in prison facilities, contending that prison personnel routinely fail to enforce the smoking policies.

"The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health.'" Farmer v. Brennan, 511 U.S. 825, 843 (1994) (quoting Helling v. McKinney, 509 U.S. 24, 35 (1993). To prevail on an Eighth Amendment claim based on exposure to ETS, Plaintiff must satisfy a two-part inquiry that involves an objective and a subjective component. First, the objective inquiry requires that Plaintiff establish that he has been exposed to unreasonably high levels of ETS, placing the prisoner at such great risk as to violate contemporary standards of decency. Helling, 509 U.S. at 35-36. Second, the subjective inquiry requires that Plaintiff establish that Defendant was deliberately indifferent to Plaintiff's exposure to this risk.

In Hunt v. Reynolds, 974 F.2d 734 (6th Cir. 1992), the Sixth Circuit held that forcing a non-smoking prisoner with a serious medical need to share a cell with a prisoner who smokes satisfies the objective component. Id. at 736; and see Talal v. White, 403 F.3d 423, 426 (6th Cir. 2005); Reilly v. Grayson, 310 F.3d 519, 521 (6th Cir. 2002). Plaintiff submitted his medication history during his incarceration, which shows he was prescribed numerous medications for asthma. (See Ex. A to Plaintiff's objections, docket # 38). He has also submitted a special accommodation notice signed by Dr. George Kuzma directing that Plaintiff be given a tobacco

3

free housing assignment. (See Id., Ex. B.). Defendant does not refute that Plaintiff has asthma and should avoid ETS.

Plaintiff, however, has not satisfied the subjective, or deliberate indifference, requirement. The adoption by the MDOC of a no smoking policy and the prison officials' current attitude and conduct, which reflect a "zero tolerance" for smoking in the housing units, bears heavily on the deliberate indifference inquiry. Helling, 509 U.S. at 36. Plaintiff, however, complains that Defendants did not enforce the smoking policy. In his affidavit, Defendant states that smoking prisoners housed in non-smoking cells are permitted to purchase tobacco products for use outside the housing unit. He concedes that there are prisoners who break the rules and smoke in restricted areas, but when observed by staff, they are issued misconduct reports. He submitted eighteen misconduct reports issued to prisoners smoking in restricted areas between January 7, 2007 and March 16, 2007. (See Affidavit of John Prelesnik, Attach. D, docket #31). It is well established that imperfect enforcement of a non-smoking policy does not rise to the level of deliberate indifference. Talal, 403 F.3d at 427; Scott v. Dist. of Columbia, 139 F.3d 940, 942 (D.C.Cir. 1998) (mere imperfect enforcement of a no-smoking policy does not rise to the level of deliberate indifference when prison officials make a good faith effort to enforce the policy); Wilson v. Hofbauer, 113 F. App'x 651, 652 (6th Cir. 2004) (imperfect enforcement of MDOC Policy Directive 01.03.140, which prohibited smoking in all occupied buildings, including housing units, "show[ed], at most, negligence by the defendants, rather than deliberate indifference"); Moorer v. Price, 83 F. App'x 770, 773 (6th Cir. 2003) (imperfect enforcement of MDOC Policy Directive 01.03.140 does not equate to deliberate indifference); Bowen v. Taft, 62 F. App'x 117, 118 (6th Cir. 2003) (a no-smoking policy, although imperfectly enforced, negates

any claim that the defendants are deliberately indifferent). Although some prisoners on occasion may smoke in restricted areas without detection, and some staff members may enforce the no-smoking policy less vigorously than others, the court agrees with the Magistrate Judge's conclusion that Defendant is making a good faith effort to enforce the smoking policies. Accordingly, Defendant is not deliberately indifferent to Plaintiff's medical needs.

## Conclusion

After reviewing the relevant parts of the record and the Magistrate Judge's R & R, the court finds that the Magistrate Judge's findings, conclusions and recommendations are correct. Accordingly, the court OVERRULES the Plaintiff's objections (docket #38), ADOPTS the Magistrate Judge's Report and Recommendation (docket #34), and GRANTS the Defendant's Motion for Summary Judgment (docket #30).

So ordered this 23rd day of May, 2008.

 /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge